IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

01 MAR 29 PM 9:50

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED

| | |
|---|---|
| **DEAN HOCKEN, CURTIS L. BANKHEAD,** | ) |
| **and GABRIEL GRAHAM,** *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| **vs.** | ) |
| | ) |
| **AUTOZONE, INC.,** | ) |
| | ) |
| Defendant. | ) |

Civil Action No.  MAR 29 2001

**98-C-1093-NE**

## MEMORANDUM OPINION GRANTING ATTORNEYS' FEES

In this action for unpaid overtime and other compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, Defendant AutoZone, Inc. ("AutoZone") opposes the prevailing Plaintiffs' application for attorney's fees. Some of the grounds of AutoZone's opposition are without merit; others are abundantly meritorious. Based on the discussion which follows, the Court will grant attorneys' fees to Plaintiffs - albeit in a lesser amount than they have requested.

I

The three named Plaintiffs filed this case on May 4, 1998, as an "opt-in" class action, alleging that pursuant to its alleged pattern and practice, AutoZone had willfully failed to pay them and the class members overtime wages and other compensation in violation of FLSA. In its answer, AutoZone admitted that "the Plaintiffs at one time were not paid some overtime compensation," but it generally denied willfulness or that it had engaged in a pattern or practice of failing to pay regular and overtime wages to its employees. (Answ., ¶¶ 9, 12; p. 4.)  Discovery ensued.

26

On August 5, 1999, the parties jointly stipulated to the entry of a Consent Judgment in which each of the named Plaintiffs was awarded unpaid wages and liquidated damages. The parties stipulated that AutoZone would "pay the Plaintiffs' reasonable attorneys' fees...." (Mot. For Consent Judg., ¶ 4.)

Plaintiffs and Defendant are represented by two law firms. Plaintiffs are represented by Bradley P. Ryder and Teresa N. Ryder of the firm of Ryder & Ryder, as well as John A. Wilmer of the firm of Wilmer, Cates, Fohrell & Kelley, P.A. Bradley Ryder claims to have expended 95.7 hours in his representation of Plaintiffs. Teresa Ryder claims to have expended 90.8 hours, and John Wilmer claims 54 hours.

Of the hours claimed by Bradley Ryder, the Court finds that 45.10 hours were actually expended by the law firms's investigator, rather than by Bradley Ryder. Another 2.10 hours should be disallowed, in the exercise of billing judgment, for conferences with co-counsel (May 13, July 7, July 23, July 27, July 28, August 3, 1998, July 29 and August 13, 1999). A half hour should be disallowed as a duplicative entry (July 14, 1999), and another half hour should be disallowed for time spent on Defendant's successful motion to strike Plaintiffs' equitable claims. A total of 48.20 hours therefore should be deducted from Bradley Ryder's claim.

Teresa Ryder unreasonably expended 5.4 hours opposing the motion to strike. Given the fact that equitable relief is not available in private FSLA actions, it should not have been sought in the complaint, and when Defendant moved to strike that aspect of the complaint, the motion should not have been opposed. An hour should be disallowed, in the exercise of billing judgment, for her conferences with co-counsel (May 13, July 7, July 23, 1998, June 14, July 9, July 19, and July 22, 1999). A total of 8.30 hours should be deducted from Teresa Ryder's claim.

2

Ryder & Ryder incurred $453.97 in out-of-pocket expenses. In addition, the Court will allow $1,353 ($30 per hour) for the 45.10 hours expended by the firm's investigator/paralegal.

John Wilmer claims 54 hours in this case. Fifteen (15) of his hours should be disallowed, in the exercise of billing judgment, as they were expended in conferences with co-counsel. Wilmer's paralegal expended 14.75 hours in the case. The Court finds that a reasonable hourly rate for the paralegal services is $30.00. John Wilmer incurred $170.81 in out-of-pocket expenses.

Defendant contends that Plaintiffs are not entitled to prevail on their "collective action claims." (Def. Opp., p. 4.) While it is true that Plaintiffs did not pursue their class claims to trial, it is equally clear that AutoZone mooted the claims of similarly situated employees by voluntarily paying their claims prior to trial. The AutoZone corporate representative admitted that Autozone commenced an independent investigation of its overtime payments *only after* it became aware that its employees were being contacted by the investigator for Plaintiffs' counsel. (Lombardi Depo., pp. 38-39.) At that time, Plaintiffs' counsel was in the process of filing this action.

More basically, there is no evidence that if this action had not been filed and pursued as a class action, Plaintiffs' counsel would not have interviewed the same persons they interviewed in preparing the individual cases. Evidence of a pattern of FSLA violations is probative on the issue of whether the FLSA rights of the individual plaintiffs were similarly violated. The court therefore rejects Defendant's position that, in effect, Plaintiffs' counsel may not recover for discovery of pattern or practice evidence probative to their individual claims.

Without any evidentiary support in the record, AutoZone contends that it offered to settle this case shortly after it was filed, on the same basis as the ultimate settlement. This unsupported representation is insufficient to defeat Plaintiffs' application for attorneys' fees.

3

AutoZone argues that Plaintiffs' counsel should not be compensated for the time expended in taking the deposition of its corporate representative or for representing Plaintiffs when their depositions were taken in this case. Suffice it to say that the Court rejects the argument.

Significantly, in opposing as unreasonable the number of hours claimed by Plaintiffs' counsel, AutoZone has not tendered to the Court the number of hours its attorneys have expended in defending the case. The Court may have been enlightened by such showing. In its absence, the Court infers that the hours expended by AutoZone's counsel favorably compare with the hours claimed by Plaintiffs' counsel.

In summary, the Court finds that Bradley Ryder reasonable expended 47.5 hours in the prosecution of this case and that Teresa Ryder reasonably expended 82.50 in the prosecution of the case. John Wilmer reasonably expended 39 hours in the prosecution of this case.

II

This case did not present any novel questions. Plaintiffs were ably represented by their counsel, each of whom enjoys an excellent reputation in the North Alabama bar. Plaintiffs' counsel were not precluded from representing non-contingent clients because of the time constraints of this case. The case was handled on a contingency basis. The case is an undesirable one, both because of its contingent nature and the limited damages available. There is no ongoing professional relationship between Plaintiffs and their counsel. While the monetary results of the case are paltry, Plaintiffs obtained all the relief available to them in a private FSLA action. Moreover, Plaintiffs obtained similar relief for other workers denied overtime wages by Defendant, thus vindicating the FSLA in Defendant's workplace.

On consideration of all of the factors of *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d

4

714 (5th Cir.1974), the Court finds that the reasonable lodestar hourly rate for Bradley Ryder is $200; for Teresa Ryder, $175; and for John Wilmer, $250. Because of the delay in payment, the attorneys' fees should be enhanced by fifteen percent (15%).

By separate order, the appropriate counsel fees will be awarded.

Done this _____ day of March, 2001.

Chief United States District Judge
U.W.  Clemon

5